UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re: ) Case No. 11-17909
)
RICHARD ALAN MEDLAR, ) Chapter 13
)
      Debtor. ) Chief Judge Pat E. Morgenstern-Clarren
)
) **MEMORANDUM OF OPINION AND**
) **ORDER GRANTING MOTION FOR**
) **RELIEF FROM STAY**

When the debtor Richard Medlar filed his bankruptcy case, he claimed an interest in property located at 24625 Clareshire Drive, Unit 103, North Olmsted, Ohio (the condominium). Before the filing, an Ohio court had entered a judgment of foreclosure in favor of Clareshire Court Condominium Association with respect to the condominium and that judgment was on appeal. This court lifted the automatic stay to permit the appeal to go forward and held plan confirmation and a claims objection in abeyance pending that decision. The state court recently dismissed the appeal; the Association now asks that the stay be lifted so that it can enforce its foreclosure judgment. (Docket 160). The debtor opposes the request. (Docket 164). For the reasons stated below, the debtor's opposition is overruled and the Association's motion is granted.[1]

---

[1] Jurisdiction over this proceeding exists under 28 U.S.C. § 1334 and General Order No. 2012-7 entered by the United States District Court for the Northern District of Ohio on April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G), and it is within the court's constitutional authority as analyzed by the United States Supreme Court in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

## DISCUSSION

### A. Background

On October 25, 2012, this court held an evidentiary hearing on plan confirmation and the debtor's objection to the Association's claim. In relevant part, the evidence showed that in 2004 the Association sued to foreclose on liens against the condominium, which was owned by Julie Montilla, and named Montilla and Third Federal Savings and Loan Association of Cleveland as the only defendants. Montilla died while the foreclosure was pending, and her estate was substituted as a party. The debtor, asserting he was married to Montilla, filed documents in the foreclosure proceeding on behalf of the estate. In 2008, the probate court transferred the condominium to the debtor under Montilla's will.

In March 2012, the state court granted the Association summary judgment in foreclosure, ordered the sale of the condominium, and set forth how the sale proceeds were to be distributed (the foreclosure judgment). The foreclosure judgment gave the defendants a three-day period following entry of the judgment to exercise their equity of redemption by paying the debt, interest, and court costs, to prevent sale of the property.

At the confirmation and claim objection hearing, the debtor continued to assert that he held a property interest in the condominium that was superior to the Association's interest. Faced with an unresolved state court appeal on a critical issue, this court determined *sua sponte* that the proper course was to lift the stay to allow the debtor's state court appeal to proceed, holding all other issues in abeyance.[2]

---

[2] Docket 129.

The debtor appealed that decision to the Bankruptcy Appellate Panel (BAP). On September 12, 2013, the state appellate court dismissed the debtor's appeal of the foreclosure judgment in part because the debtor had engaged in the unauthorized practice of law when he filed documents in the state court on behalf of the probate estate, *see Clareshire Court Condominium Unit Owners' Assoc. v. Montilla*, No. 97024, 2013 WL 4987601 (Ohio Ct. App. 8th District Sept. 12, 2013). The debtor has further appealed the matter to the Ohio Supreme Court. The BAP dismissed the appeal pending before it as moot. *In re Medlar*, No. 12-8052 (B.A.P. 6th Cir. filed Oct. 24, 2013).

### B. The Motion for Relief from the Automatic Stay

#### 1.

That brings us back to the Association's current motion for relief from the automatic stay and confirmation issues. The debtor's initial plan proposes to pay the Association nothing because the debtor says that the Association's claims are invalid, civil suits are pending, and the claim is fraudulent. The debtor recently filed a modified plan which states that the Association's ongoing maintenance fees will be automatically deducted from his account monthly.[3]

#### 2.

Under Bankruptcy Code § 362(d), the court must grant a party relief from the automatic stay if cause (including a lack of adequate protection) is shown, or if the debtor lacks equity in the property and the property is unnecessary to an effective reorganization. 11 U.S.C. § 362(d).

---

[3] Docket 169.

The Association's motion does not state whether relief is requested under § 362(d)(1) or (2).[4] As movant, the Association has the burden of proof on the issue of the debtor's equity in the property and the debtor bears the burden of proof on all other issues. 11 U.S.C. § 362(g).

**3.**

The Association's position is that it is entitled to relief from the automatic stay because it holds a valid foreclosure judgment and that, under the lis pendens doctrine, the debtor's title to the condominium is subject to the foreclosure judgment. That leaves the debtor with only a statutory right of redemption, and no interest in the property.

The debtor opposes relief on these grounds: (1) the condominium is his residence and he has claimed an exemption of his interest in it; (2) he has appealed the state appellate decision to the Ohio Supreme Court; (3) he has objected to the Association's claim on multiple grounds, including failure to use the required form; (4) he and the estate have claims in the foreclosure case and in probate court; (5) the state court denied him the right to be a party to the foreclosure action; (6) the sale of his home will cause him irreparable harm; (7) granting relief would violate Federal Rule 62.1; (8) the hearing violates Bankruptcy Rule 3001(e); (9) the motion for relief does not comply with Bankruptcy Rule 4001; (10) he wants to redeem the property under applicable law; (11) he intends to file a motion with the BAP to reconsider; and (12) the Association is misleading the courts because he has legal title to the condominium.

---

[4] The motion does, however, include a reference to "§ 362(d)(2)(4)(F)," which does not exist.

4

11-17909-pmc    Doc 174    FILED 11/22/13    ENTERED 11/22/13 13:22:51    Page 4 of 7

**4.**

On consideration of the facts in this case, the court concludes that there is cause for granting relief from stay to allow the Association and the debtor to resolve their dispute in state court. "Cause" is not a defined term and the determination as to whether such discretionary relief is appropriate must be determined on a case-by-case basis. *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. Ltd. P'ship)*, 30 F.3d 734, 737 (6th Cir. 1994).

As previously discussed in this court's initial order lifting the stay in part,[5] Ohio law governs the parties' property rights. In deciding what rights the debtor may have, the critical fact is that the debtor obtained his interest in the condominium while the state court foreclosure case was pending. Under Ohio law, this triggers application of the doctrine of lis pendens. That doctrine dictates that the debtor took his interest subject to the state court's ultimate determination in the pending case. At this point, there is a judgment of foreclosure, the debtor's appeal of the judgment has been dismissed, and the debtor is attempting to further appeal the judgment to the Ohio Supreme Court.

At the same time, the debtor's position in his chapter 13 case calls into question the foreclosure proceeding because, although he was not a named defendant, he continues to assert that he holds legal title to the condominium and that he has outstanding claims in the foreclosure action. The plan proposed by the debtor does not acknowledge the judgment or propose any treatment of the Association consistent with its existence.[6] Moreover, the debtor has said that he wishes to redeem the condominium, the Association has acknowledged that he has the right to do

---

[5] Docket 129.

[6] This court offers no opinion as to whether such a plan could be proposed.

5

so, and state law provides for the right to redeem before the confirmation sale is confirmed. *See* OHIO REV. CODE § 2329.33.[7] Each of these facts weighs in favor of granting relief to allow the parties to resolve their dispute in state court.

Additionally, relief from stay is appropriate because this court lacks jurisdiction to entertain the debtor's challenges to the foreclosure judgment under the *Rooker-Feldman* doctrine, which provides that inferior federal courts lack jurisdiction to review final judgments of state court's. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The Sixth Circuit has adopted a two-part test for determining whether the doctrine applies: (1) is the federal claim "inextricably intertwined" with the claim asserted in the prior state court proceeding; and (2) is the federal claim a specific grievance that state law was invalidly or unconstitutionally applied versus a general challenge to the constitutionality of the state law applied. *Hutcherson v. Lauderdale County, Tenn.*, 326 F.3d 747, 755-56 (6th Cir. 2003). Both parts of the test are met with respect to the debtor's arguments that he has a continuing interest in the condominium, that claims remain against the Association in the foreclosure action, and that he was improperly denied the right to participate in the foreclosure proceeding. The debtor can succeed on those issues in this court only if they were wrongly decided in state court, which meets the first requirement. And the debtor's claims are specific grievances as to how the law was applied in the foreclosure proceeding, rather than a general

---

[7] The Bankruptcy Code, on the other hand, only provides for the redemption of personal property and only in Chapter 7 cases. *See* 11 U.S.C. § 722.

challenge to the constitutionality of the state law. Consequently, this court lacks jurisdiction to address those issues.

Given these facts, the appropriate course is to lift the stay so that the debtor can seek to further appeal the foreclosure judgment and the parties can pursue their rights under state law in state court.

## **CONCLUSION**

For the reasons stated, the Association's motion for relief from stay is granted.

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
Chief Bankruptcy Judge