UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION



In re: ) Case No. 11-17909
)
RICHARD ALAN MEDLAR, ) Chapter 13
)
    Debtor. ) Chief Judge Pat E. Morgenstern-Clarren
)
) **MEMORANDUM OF OPINION AND**
) **ORDER DENYING MOTION FOR**
) **STAY PENDING APPEAL**

    This court entered orders granting Clareshire Court Condominium Unit Owners Association's motion for relief from stay and denying the debtor Richard Medlar's motion for reconsideration.[1] The debtor, who appealed the orders to the Bankruptcy Appellate Panel,[2] requests that this court grant a stay pending appeal. For the reasons stated below, the motion for a stay is denied. (Docket 196).

## I. DISCUSSION

    The debtor and the Association have engaged in extensive, multi-year litigation in federal and state court regarding the debtor's interest in a condominium unit. This court granted the Association's motion for relief from stay to allow the parties to return to state court to resolve the dispute. The debtor requests a stay pending appeal because the Association, through its property management company, recently entered the unit and changed the locks. The debtor filed an emergency motion for a preliminary injunction as to that matter, which motion was

---

[1] *See* docket 174, 182.

[2] *In re Richard Alan Medlar*, No. 14-8003 (B.A.P. 6th Cir. filed Jan 2, 2014).

denied.[3]

### A. Stay Pending Appeal

Bankruptcy Rule 8005 provides for a stay pending appeal:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest . . . .

FED. R. BANKR. P. 8005. A stay is an exercise of judicial discretion and the propriety of issuing a stay depends on the circumstances of a particular case. *Nken v. Holder*, 556 U.S. 418, 433 (2009). The "party requesting a stay bears the burden of showing circumstances which justify an exercise of that discretion." *Id.* at 433-34.

These factors are considered and balanced in determining whether a stay should be granted:

(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal;

(2) the likelihood that the party seeking the stay will be irreparably harmed absent a stay;

(3) the prospect that the other parties to the proceeding will be harmed if the court grants the stay; and

(4) the public interest in granting the stay.

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th

---

[3] *See* docket 206.

Cir. 1991); *In re Best Reception Sys., Inc.*, 219 B.R. 988, 992-94 (Bankr. E.D. Tenn. 1998).

These four factors "are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Griepentrog*, 945 F.2d at 153.

### B. The Debtor's Motion

While the Bankruptcy Appellate Panel will evaluate this issue independently, it appears unlikely that the debtor will prevail on his appeal because a decision regarding relief from stay is committed to this court's discretion. *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Surety Co. (In re Laguna Assocs. Ltd. P'ship)*, 30 F.3d 734, 737 (6th Cir. 1994). In this case, the court lifted the stay for cause after careful deliberation to allow the parties to resolve their dispute as to the condominium in state court. The court found cause based on the fact that: (1) Ohio law governs the parties' rights as to the property; (2) the Association already has a state court foreclosure judgment; and (3) the debtor's challenges to the foreclosure judgment are outside of this court's jurisdiction and are best addressed by the state court. Under the circumstances, this court believes that it was within its discretion to grant the Association relief from stay to permit the state court to finally resolve the parties' dispute as to the property. Moreover, the debtor's argument that a stay is appropriate based on the Association's recent actions as to the property does not merit a different result. As this court noted in its opinion denying the debtor's preliminary injunction request, his claims and arguments against such action are best addressed by the state court.[4]

Similarly, the denial of a motion to reconsider is submitted to this court's discretion. *Papas v. Buchwald Capital Advisors, LLC (In re Greektown Holdings, LLC)*, 728 F.3d 567, 573 (6th Cir. 2013); *United Mine Workers of Am. 1974 Plan and Trust v. Lexington Coal Co. (In re*

---

[4] *See* Memorandum of Opinion and Order, docket 206.

4

11-17909-pmc    Doc 211    FILED 02/07/14    ENTERED 02/07/14 09:37:08    Page 4 of 5

*HNRC Dissolution Co.)*, 396 B.R. 461, 465 (B.A.P. 6th Cir. 2008). As the debtor's motion failed to identify an appropriate basis for such relief, this court believes that it was within its discretion to deny the motion and that the appeal of that ruling has little likelihood of success.

As to the other factors, it appears that the debtor may be harmed if the Association is able to proceed with a sale of the property in foreclosure. On the other hand, it appears that the Association will be harmed if a stay is granted and its efforts to assert its rights against the property are further delayed. Finally, it does not appear that there is any public interest in either denying or granting a stay.

On balance, consideration of the relevant factors weighs against granting a stay pending appeal.

## II. <u>CONCLUSION</u>

For the reasons stated, the debtor's motion for a stay pending appeal is denied.

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
Chief Bankruptcy Judge